

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,603-03

### EX PARTE NOE ARMANDO ARTIGA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1333910-B IN THE 182ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with murder for an offense committed when he was a juvenile. After the juvenile court waived jurisdiction and certified him as an adult, Applicant entered an open plea of guilty to the offense, and the trial court sentenced him to fifty years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because trial counsel failed to adequately investigate, failed to file a motion to suppress Applicant's custodial statement, failing to present available mitigating evidence at punishment, and failing to

adequately advise Applicant regarding his appellate rights and the fact that he could challenge the juvenile court's certification proceedings by way of direct appeal. The record contains conflicting information with regard to whether Applicant retained a right to appeal. The judgment indicates that Applicant had no right to appeal, whereas the trial court certified that this was not a plea bargain and that Applicant did have a right to appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether he investigated the possibility of filing a motion to suppress Applicant's custodial statement on the basis that it was taken in violation of the requirements in the Texas Family Code. Trial counsel shall state whether he considered presenting mitigation evidence from a clinical psychologist to refute the State's argument that Applicant lacked remorse and presented a future danger. Finally, trial counsel shall state what advice he gave to Applicant with regard to the availability of a motion for new trial and a direct appeal. Trial counsel shall state whether he was aware of this Court's opinion in *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), at the time of Applicant's plea, and if so, whether he advised Applicant that an appeal from the juvenile court's certification decision must be taken in conjunction with the appeal from the conviction for which the juvenile was transferred to criminal court. If Applicant was advised that he had the right to appeal, trial counsel shall state whether Applicant was asked if he wanted to appeal or wanted appellate counsel to be appointed. The trial court may use any means

set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant retained the right to appeal after his open plea of guilty, and if so, whether Applicant was advised that he had the right to appeal, or whether he was advised that he had no right to appeal. If Applicant was advised that he did have the right to appeal, the trial court shall make findings of fact and conclusions of law as to whether Applicant indicated a desire to appeal, and whether he was advised of the availability of appointed counsel for direct appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:          July 3, 2019

Do not publish